**Nikola DURASEVIC, Kristina Durasevic Petitioners,**

**v.**

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**Nos. 04–3519–AG, 04–3521–AG.**

United States Court of Appeals, Second Circuit.

Jan. 25, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Aleksander Milch, New York, New York, for Petitioner.

Rod J. Rosenstein, United States Attorney; Neil R. White, Assistant United States Attorney, Baltimore, Maryland, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Nikola and Kristina Durasevic, through counsel, petition for review of the BIA order affirming the immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the IJ's findings of fact under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ found that Durasevic failed to present evidence of any acts of prior persecution directed towards him. This Court must review *de novo* the question of how much harm Durasevic was required to prove he suffered, while reviewing the IJ's determination of how much harm he did, in fact, suffer, under the substantial evidence standard. *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005); *Secaida–Rosales*, 331 F.3d at 307. While no court has established any minimum threshold of harm that an asylum applicant must establish before an IJ can find that he suffered past persecution, all courts require that the alleged harm be severe. *Ai Feng Yuan v. U.S. DOJ*, 416 F.3d 192, 198 (2d Cir.2005) (citing *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) ("persecution is an extreme concept that does not include every sort of treatment our society regards as offensive")). As the IJ correctly noted, a government does not commit persecution simply by requiring its citizens to perform military service, or punishing them for failure to serve. *Islami*, 412 F.3d at 396.

However, as the IJ also noted, forced conscription might constitute persecution if: (1) the applicant would be subject to a disproportionate punishment for failing to serve, on account of a protected ground; or if (2) the army would require him to commit human rights abuses. *Islami*, 412 F.3d at 396. Further, a significantly lower threshold of military wrongdoing is required for stating a persecution claim for people who sought to avoid serving in a military engaged in unlawful campaigns directed at members of their own race, religion, nationality, or social or political group. *Id.* In *Islami*, the applicant, a Muslim and ethnic Albanian, resisted conscription into the Yugoslavian military because he feared physical abuse by ethnic Serbs and that he would be ordered to participate in brutal, internationally con-

demned military campaigns. Additionally, the applicant had resided in Kosovo while Slobodan Milosevic-controlled troops occupied the province. Here, Durasevic, a Catholic and ethnic Albanian, also did not wish to participate in a military that killed Albanians and in which Albanian soldiers were mistreated due to their ethnicity. Durasevic received draft notices in 1998 to participate in the same military during the same time period as that described in *Islami.* Under these circumstances, we cannot conclude that substantial evidence supports the IJ finding that Durasevic failed to demonstrate past persecution.

■ His asylum claim nevertheless fails because the United States adequately rebutted the presumption of future persecution. The State Department Country Report on Human Rights Practices reflects substantial changes in Yugoslavia after the war in Kosovo ended. Former President Milosevic ceded power in 2000 and the overall human rights record "improved significantly." In addition, relations improved between Serbs and Albanians in southern Serbia, and the new Government granted amnesty to most ethnic Albanians who had been wrongly convicted. Most important to this case, the new Government passed a law that granted amnesty to conscientious objectors and draft evaders who had refused to take up arms during the period at issue in this case.

These changed circumstances constituted substantial evidence supporting the IJ's rejection of Durasevic's subjective concern that he might face future punishment for avoiding the draft.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).